IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONNIE GOSS<br><br>**Plaintiff,**<br><br>v.<br><br>**GLADYS BERNIER, LEONOR TUCKER AND WEST SIDE FEDERATION FOR SENIOR AND SUPPORTIVE HOUSING, INC.**<br><br>**Defendants.** | **Civil Action No. 05CV9592**<br><br>**Hon. Harold Baer, Jr.** |

## DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS

Defendants West Side Federation for Senior and Supportive Housing, Inc. (incorrectly identified in the Complaint as "West Federation for Senior and Supportive Housing, Inc." and hereinafter referred to as "WSFSSH"), Gladys Bernier and Leonor Tucker (hereinafter collective referred to as "Defendants"), by and through their attorneys, Jackson Lewis LLP, , respectfully submits this Statement of Material Facts pursuant to Local Civil Rule 56.1 of the United States District Court for the Southern District of New York in support of their Motion for Summary Judgment.

## STATEMENT OF MATERIAL FACTS[1]

1.      West Side Federation for Senior Housing, Inc. (WSFSSH) is a community-based organization responding to the need for low-cost housing. *LJ Aff. ¶ 1.*

---

[1]      These facts are largely undisputed and to the extent they are disputed they are set forth in the light most favorable to the Plaintiff.  The facts are based, in part, the deposition of Plaintiff Ronnie Goss ("Pl. Dep., p. __") and affidavit of Laura Jarvis ("LJ Aff., ¶ ____).  Copies of the pages to the deposition cited to herein are attached to the Affidavit of Marjorie Kaye, Jr. ("MK Aff.") as Exhibit "1."

2.      The mission of WSFSSH is to provide safe, affordable housing with supportive services within a residential setting that enhances the independence and dignity of each person. *LJ Aff. ¶ 2.*

3.      WSFSSH develops, manages, and provides social services in housing for low income persons, especially the elderly, homeless, and those with mental illness. *LJ Aff. ¶ 3.*

4.      WSFSH operates 447 independent apartments, including the West 129th Street Residence, an adult residence for 82 homeless individuals, many of whom face the challenges of mental illness and substance use. *LJ Aff. ¶ 4.*

5.      WSFSSH promotes equal employment opportunity within the workplace, and has a strict policy prohibiting discrimination on the basis of race, color, religion, creed, sex, age, national origin, ancestry or any other status protected by state or federal law.[2] *MK Aff. Ex. 2.*

A.      <u>Plaintiff's Employment with WSFSSH</u>

6.      Plaintiff began his employment with WSFSSH on November 18, 1998 as a Program Aide at the WSFSSH's 129th Street facility.[3] *MK Aff. Ex. 3.*

7.      As a Program Aide, Plaintiff responsibilities included, but were not limited to conducting rounds, checking on residents, completing the laundry and ensuring the safety of the residents. *Amended Complaint ¶ 13.*

8.      Plaintiff worked at WSFSSH on Wednesdays and Thursdays from 8:00 p.m. to 6:30 a.m. *Pl. Dep. p. 43.*

9.      Plaintiff maintained a full time position with the New York State Department of Corrections during his tenure as a WSFSSH employee. *Pl. Dep. p. 43.*

---

[2] A copy of WSFSSH's EEOC policy is attached to the MK Aff. as Exhibit 2.
[3] A copy of Plaintiff's offer letter is MK Aff. as Exhibit 3.

10.     On or about May 19, 2004, Plaintiff injured his thumb while working at the New York State Department of Corrections. *Pl. Dep. p. 33.*

11.     Plaintiff filed a worker's compensation claim with the New York State Department of Corrections regarding his injury. *Pl. Dep. p. 32-33.*

12.     On or about May 19, 2004, Plaintiff informed Defendant Bernier of his injury and requested time off from work. *Pl. Dep. p. 123.*

13.     Plaintiff also informed Defendant Tucker of his injury and requested to be paid his accured sick time. *Pl. Dep. p. 134.*

14.     Defendant Tucker advised Plaintiff of his accrued leave and gave him paperwork advising him of his rights to FMLA and disability benefits. *Pl. Dep. p. 135,138.*

15.     On or about June 1, 2004, Plaintiff's physician issued a note stating Plaintiff was unable to work until July 1, 2004.[4] *MK Aff. Ex. 4.*

16.     On or about June 24, 2004, Plaintiff's physician issued another note stating Plaintiff was unable to work until September 1, 2004. *Id.*

17.     On or about June 25, 2004, Plaintiff submitted a request for disability benefits with WSFSSH.[5] *MK Aff. Ex. 5.*

18.     At the time of Plaintiff's request for disability benefits, he had received three checks totaling 60 hours of sick time from WSFSSH. *Id.*

19.     Plaintiff was not eligible for disability benefits from WSFSSH as he was receiving worker's compensation benefits from the Department of Corrections. *Pl. Dep. p. 135.*

20.     Plaintiff was paid for 120 hours of accrued sick time by WSFSSH.[6] *Pl. Dep. p. 150; MK Aff. Ex. 6.*

_____

[4] A copy of Dr. Harrison's note dated June 1, 2004 is attached to the MK affidavit as Exhibit 4.
[5] A copy of Plaintiff's application for disability benefits is attached to the MK affidavit as Exhibit 5.

B.    Plaintiff's Charge of Discrimination

21.    On April 20, 2005, three hundred and thirty (330) days after Plaintiff's last day of employment with WSFSSH, Plaintiff's hand written Charge of Discrimination was received by the Equal Employment Opportunity Commission bearing Charge No. 160-2005-03208.[7] *MK Aff. Ex.* 7.

22.    In a letter dated May 10, 2005, the EEOC investigator returned Plaintiff's initial charge and requested that a new charge form be resubmitted.[8] *MK Aff. Ex.*8.

23.    On May 19, 2005, Plaintiff submitted a second typed Charge of Discrimination with the EEOC.[9]  *MK Aff. Ex.* 9.

24.    On July 28, 2005, the EEOC issued Dismissal and Notice of Rights in a letter closing its investigation into Plaintiff's allegation, saying that the "charge was not timely filed with the EEOC."[10] *MK Aff. Ex.* 10.

25.    On November 14, 2005, Plaintiff commenced the instant lawsuit by filing a Complaint with the United States District Court for the Southern District of New York. *MK Aff. ¶ 3.*

26.    Defendants filed a Motion to Dismiss on August 11, 2006.  *MK Aff. ¶4.*

27.    Plaintiff did not respond to the Motion to Dismiss, instead he filed a First Amended Complaint on November 14, 2006, alleging violations of Title VII and the Family Medical Leave Act.[11] *MK Aff. ¶5, Ex.* 11.

---

[6] A copy of Plaintiff's relevant payroll records are attached to the MK affidavit as Exhibit 6.
[7] A copy of Plaintiff's EEOC charge file stamped April 20, 2005 is attached to the MK affidavit as Exhibit 7.
[8] A copy of the correspondence dated May 10, 2005 is attached to the MK affidavit as Exhibit 8.
[9] A copy of Plaintiff's EEOC charge file stamped May 19, 2005 is attached to the MK affidavit as Exhibit 9.
[10] A copy of the EEOC Dismissal and Notice of Rights dated July 28, 2005 is attached to the MK affidavit as Exhibit 10.
[11] A copy of the Plaintiff's Amended Complaint dated November 14, 2006 is attached to the MK affidavit as Exhibit 11.

28.    On November 30, 2006, Plaintiff submitted another Amended Complaint to the Court which omitted his claim under the Family Medical Leave Act.[12] *MK Aff. ¶6, Ex.* 12.

Respectfully submitted,

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038
Phone: 212-545-4000
Facsimile: 212-972-3213
E-mail:kayem@jacksonlewis.com
saldanan@jacksonlewis.com

Dated: December 14, 2006          By: _____
      New York, New York              Marjorie Kaye, Esq. (MK7141)
                                      Nicole Q. Saldana (NS 6524)

ATTORNEYS FOR DEFENDANTS

---

[12] A copy of the Plaintiff's Amended Complaint is attached to the MK affidavit as Exhibit 12.